IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Hope F. Small, | ) |
| Plaintiff, | ) Civil Action No. 7:10-468-JFM-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Brian Blackwell, et al., | ) |
| Defendants. | ) |

      The plaintiff is proceeding in this action *pro se*. On February 21, 2011, the defendants filed a motion to dismiss for lack of prosecution, based on the plaintiff's failure to respond to discovery requests and failure to appear for her scheduled deposition. On February 22, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if she failed to respond adequately. Despite this explanation, the plaintiff elected not to respond to the motion.

      As the plaintiff is proceeding *pro se*, the court filed a second order on March 29, 2011, giving the plaintiff through April 22, 2011, to file her response to the motion to dismiss for lack of prosecution, based on the plaintiff's failure to respond to discovery requests and failure to appear for her scheduled deposition. The plaintiff was specifically advised that if she failed to respond, this action would be dismissed for failure to prosecute. The plaintiff elected not to respond.

      A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v.*

*Carlson*, 882 F.2d 93, 95 (4th Cir.1989), *cert. denied,* 493 U.S. 1084 (1990).  In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions.  It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed.  Meanwhile, the defendants are left to wonder when the action against them will be resolved.  The plaintiff has not responded to the defendants' motion for summary judgment or the court's orders requiring him to respond.  Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit.  No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

April 28, 2011                                        s/Kevin F. McDonald
Greenville, South Carolina                   United States Magistrate Judge